**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**ALEAKEEM PETERSON**,

    Plaintiff,

v.

**SERGEANT W. SMITH, et al.**,

    Defendants.

Civil Action No. 7:14-CV-172 (HL)

**ORDER**

Before the Court is Plaintiff's Notice of Appeal and Motion for New Trial. (Doc. 92). This Court entered an Order construing Plaintiff's motion as a Motion for New Trial, as opposed to an appeal, on September 16, 2016. (Doc. 99). For the reasons discussed below, Plaintiff's Motion for a New Trial is **DENIED**.

**I.    PROCEDURAL BACKGROUND**

Plaintiff Aleakeem Peterson is an inmate currently confined at the Georgia State Prison in Reidsville, Georgia. Plaintiff filed this *pro se* civil rights action seeking relief under 42 U.S.C. § 1983 against Defendants Smith, Blanton, Childers, Hoopiaan, Oitz, and Powell[1] on October 27, 2014. (Doc. 1). A jury trial was held on July 20–21, 2016, which resulted in a verdict for Defendants. Judgment was entered in favor of Defendants on July 21, 2016. (Doc. 90).

---

[1] Defendant Powell was dismissed from this action by order of the Court on January 6, 2015. (Doc. 10).

Plaintiff filed his Motion for New Trial on August 12, 2016. (Doc. 92). Defendants filed a response to Plaintiff's motion on October 5, 2016. (Doc. 103).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59 provides that after a jury trial, "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "The Supreme Court has explained that a motion for new trial may be granted if based on a claim that (1) 'the verdict is against the weight of the evidence'; (2) 'the damages are excessive, or that, for other reasons, the trial was not fair to the party moving'; or (3) 'raise[s] questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.'" Registe v. Linkamerica Exp., Inc., No. 3:12-cv-1110, 2015 WL 1288138, *5 (M.D. Fla. March 18, 2015) (citing Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)).

## III. ANALYSIS

Plaintiff raises several arguments in support of his Motion for New Trial: (1) Plaintiff claims that he was prejudiced by the fact that he was proceeding *pro se*, without the assistance of an attorney (Doc. 92 at IA–B); (2) Plaintiff takes mental health medications which impacted his ability to "perce[ive] and comprehen[d]" the proceeding (Doc. 92 at IC); (3) Plaintiff has limited access to witnesses and information that inhibited his ability to call favorable witnesses (Doc. 92 at ID); (4)

unnecessary delays in the internal investigation of Plaintiff's grievance and during the course of discovery in this lawsuit "caused more harm to his case than good" (Doc. 92 at IIA); and (5) counsel for Defendants improperly introduced evidence (Doc. 92 at III).

### A. *Pro se* Status

Plaintiff first argues that the Court's denial of his Motion to Appoint Counsel "left him at a great disadvantage." (Doc. 92, p. 5). Specifically, Plaintiff avers that his lack of legal knowledge left him unsure of when and what evidence to introduce in support of his claim, and what arguments to make when objecting to evidence introduced by counsel for Defendants.

The record belies this argument. Plaintiff testified himself, called several witnesses, and conducted direct and cross-examination. Further, Plaintiff successfully objected to evidence and testimony introduced by Defendants on multiple occasions during the course of the trial.

In his motion, Plaintiff contends that "upon his attempt to introduce evidence to the jury he was told it was to [*sic*] late to do so." (Doc. 92, p. 1). However, at the close of Plaintiff's case, the Court asked Plaintiff if he had any other evidence he would like to present. Plaintiff then attempted to introduce statements made by Defendants and other officers who were involved in the incident. These statements were ruled inadmissible hearsay by the Court. At that point, Plaintiff rested his case. Later in the trial, just prior to closing

3

arguments, Plaintiff asked the Court if it was too late to introduce additional evidence, to which the Court responded that it was. Plaintiff was given the opportunity to introduce any additional admissible evidence at the close of his case and chose not to. Plaintiff's *pro se* status does not constitute adequate grounds for a new trial.

### B.  Mental Health

Plaintiff next argues that he suffers from Post-Traumatic Stress Disorder and Anti-Social Personality Syndrome, which "afects [*sic*] his comprehension, alertness, and focus along with his short term memory." (Doc. 92, p. 5). At trial, however, Plaintiff appeared to be alert, focused, and able to comprehend the proceedings. He effectively testified on his own behalf, presented evidence in support of his claims, and cross-examined evidence presented by Defendants. A new trial in not warranted on the basis of Plaintiff's argument concerning his mental health.

### C.  Access to Witnesses

Plaintiff argues that, because he is an inmate, he "has little to no access to addresses and information" about witnesses, and that he believed all witnesses and evidence "would be present and presented at trial." (Doc. 92, p. 5). To the best of the Court's knowledge, the only witness Plaintiff desired to call and was unable to was Sergeant Schnake. A subpoena was issued for Sergeant Schnake, but neither Plaintiff nor the Attorney General's office was able to locate

him. As a result, the subpoena was not served. Plaintiff also mentions Officer McCloud as a witness he desired to call; however, Plaintiff neither requested that a subpoena be issued for Office McCloud nor did he ask to call Officer McCloud as a witness at trial. The inability to call a witness who could not be located is not grounds for a new trial, particularly where other witnesses testified about the same subject matter. Plaintiff had five other witnesses testify on his behalf about the incident at issue in this case.

### D. Unnecessary Delay

Plaintiff argues that there were unnecessary delays in his trial due to the pace of the internal investigation process and because defense counsel received continuances to file dispositive motions that Defendants ultimately chose not to file. As a result of these delays, Plaintiff contends that the memory and availability of witnesses that could have supported his case was negatively impacted.

With respect to the pace of the internal investigation, Plaintiff appears to make two separate arguments. First, he points out that a prisoner must exhaust his remedies through the grievance process prior to filing a complaint with the court. In this case, Plaintiff waited 23 months to file his Complaint, in hopes that the investigation of his grievance would be complete. Plaintiff claims he has still never heard anything about the outcome of the investigation, and appears to accuse those in charge of the investigation of delaying the process intentionally

so that Plaintiff's case would be negatively impacted by loss of memory or unavailability of witnesses. However, Plaintiff has failed to show that the fact that he waited months after the incident to file his Complaint prejudiced his case, or that the memory or availability of witnesses would have been different had he filed his complaint earlier in the process.

Second, Plaintiff accuses the administrative staff at Valdosta State Prison of conspiring to cover up the facts underlying this lawsuit by delaying the internal investigation and then never actually investigating Plaintiff's grievance. Plaintiff did not allege conspiracy in his Complaint and cannot now add such a claim.

Finally, Plaintiff complains that defense counsel asked and received continuances to file dispositive motions that were ultimately never filed, resulting in unnecessary delay of the trial in this case. As previously discussed, Plaintiff has not asserted how the unavailability of witnesses or witnesses' lack of memory harmed his case at trial. Accordingly, none of Plaintiff's arguments relating to unnecessary delays that occurred during the investigation of Plaintiff's grievance or since Plaintiff's Complaint was filed are grounds for a new trial.

### E. Conduct by Counsel for Defendants

Plaintiff makes several arguments pertaining to Defendants' conduct at trial. First, Plaintiff argues that counsel for Defendants "arranged for Plaintiff to be transfered [sic] to trial and housed with his witnesses before trial for the sole purpose of the argument of cohersion [sic] by the Plaintiff." (Doc. 92, p. 6).

Plaintiff presumably refers defense counsel's cross-examination of his witnesses, which emphasized that Plaintiff and his witnesses were transported to the courthouse from the jail in the same vehicle and kept in the same holding area at the courthouse. Defense counsel insinuated that Plaintiff and his witnesses discussed their testimony together prior to taking the witness stand. Plaintiff argues that, as an inmate, he has no control over his transportation to or from the courthouse or his holding conditions, and that the Court or counsel for Defendants should have requested that Plaintiff and the witnesses be separated in order to prevent the opportunity for this kind of impeachment.

It is not the job of either the Court or counsel for Defendants to arrange for separate transportation for inmates who are ordered to appear in Court. Rather, the Georgia Department of Corrections is responsible for producing inmates in response to a court order. It was entirely proper for counsel for Defendants to explore any potential bias of Plaintiff's witnesses. The fact that Plaintiff and his witnesses had the opportunity to confer prior to trial and that defense counsel explored this possibility on cross-examination is not grounds for a new trial.

Plaintiff next argues that the testimony of many of Defendants' witnesses was improper. First, Plaintiff challenges the admissibility of any testimony by Nurse Debra Seleska. The Court previously excluded evidence pertaining to any claims Plaintiff may have had concerning the delay or denial of medical care.

Further, Defendants stipulated that Plaintiff's arm was broken as a result of force used by corrections officers at Valdosta State Prison.

At trial, Nurse Seleska took the stand and briefly testified as to the contents of a use of force document that was completed by the physician or nurse who initially treated Plaintiff for his injuries. After several minutes of testimony about this document, the Court ruled that no further testimony would be admitted from Nurse Seleska and that the use of force document would not be admitted as an exhibit. The Court's position is that Nurse Seleska's testimony was irrelevant, based on Defendants' stipulation that Plaintiff's arm was broken. Plaintiff has not alleged how his case was harmed by this seemingly irrelevant testimony.

Plaintiff next challenges the admissibility of testimony from Louie Thompson regarding the layout of the dormitory at Valdosta State Prison and inmate movement history. At trial, Thompson testified as to which cells several of Plaintiffs' witnesses were assigned and where those cells were located within the dormitory. His testimony undermined statements made by Plaintiffs' witnesses about their respective locations when the incident underlying this lawsuit occurred. Although Thompson's testimony was unfavorable to Plaintiff, Plaintiff had the opportunity to discredit Thompson's statements on cross-examination. Plaintiff effectively questioned Thompson and identified possible

inconsistencies in his testimony. The fact that the jury chose not to believe Plaintiff's version of events is not grounds for a new trial.

Finally, Plaintiff argues that his Disciplinary Reports were improperly admitted over his objection; however, the Court excluded Plaintiff's Disciplinary Reports and they were never admitted at trial.

## IV. CONCLUSION

For the reasons discussed herein, Plaintiff's Motion for New Trial (Doc. 92) is **DENIED**.

**SO ORDERED**, this the 22nd day of November, 2016.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les